ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334
Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
FEB 20 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> DOUGLAS DUCKJOO KIM, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 05-00084 <br><br> GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |

The United States opposes defendant's request for a downward departure based upon his claim of extraordinary physical impairment. The defendant has the burden of proving a downward departure or alternative sentence based upon an extraordinary physical impairment. United States v. Martinez-Guerrero, 987 F.2d 618, 622 (9th Cir. 1993).

Case law interpreting Section 5H1.4 of the Sentencing Guidelines suggest that the ability of the Bureau of Prisons to accommodate a defendant and provide him with adequate treatment is a factor the Court may consider in sentencing. Id. at 620-21. See also United States v. Bostic, 371 F.3d 865, 869-70 (6th Cir. 2004); United States v. Tocco, 200 F.3d 401, 434 (6th Cir. 2000); United States v. Johnson, 71 F.3d 539, 544-45 (6th Cir. 1995), cert.denied, 517 U.S. 1113 (1996); United States v. Altman, 48 F.3d 96, 104 (2d Cir. 1995); United States v. Washington, 467 F.3d 1122, (8th Cir. 2006); United States v. Robinson, 409 F.3d 979, 981 (8th Cir. 2005); United States v. Krilich,

257 F.3d 689 (7th Cir. 2001); United States v. Rosales-Valdez, 375 F.Supp.2d 1165, 1171-72 (D.N.M. 2005).

The Ninth Circuit in United States v. Mohamed, 459 F.3d 979 (9th Cir. 2006), still recognized that departures under the advisory Sentencing Guidelines should not be ignored because such system reflects the Sentencing Commission's policy judgments. Id. at 987. In the instant case, the defendant's physical condition did not prevent him from committing the instant offense. According to the Presentence Report ("PSR"), the defendant's condition appears to be under control with a medical regimen. A recommendation to a Bureau of Prisons Medical Facility, however, is appropriate.

Respectfully submitted this 20th day of February 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney